## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

No. 201
TOWNES v CLEVELAND (City)
Ohio Appeals, 8th Dist, Cuyahoga Co.
No. 5592.    Decided Oct. 27, 1924

297.  CONTRACTS—A three years' letting of Cleveland Park concessions, near close of a city administration, held an abuse of discretionary powers and void.

VICKERY, P J.

Epitomized Opinion
Published only in Ohio Law Abstract

This cause came into the Court of Appeals on appeal from the Cuyahoga Common Pleas. In that court, Clayton Townes brought an action as a taxpayer, the City Law Director having refused to bring the action, to prevent the enforcement of a contract entered into by the Director of Public Parks with Jacob Weiss, in which concessions in the city parks were granted and awarded to Weiss for a period of three years at $36,375 per year. The Common Pleas granted the injunction in part and an appeal from that decision was taken.

It was brought out in the evidence that Weiss in the spring of those years, was given the right to the concessions in the city parks in the years 1922 and 1923. In October 1923, after the season for the last named contract had expired, a contract was made awarding Weiss the concessions in the city parks from Oct. 1923 until Oct. 1926 at $36,875 a year. This is the contract Townes wants prevented from going into effect.

Townes claims that heretofore the contracts had been made in the spring of each year, but the contract in question was made in the fall after the regular concession season without advertising for bids and no opportunity to bid competitively for the concessions; that it was on the eve of the administration that let the contracts and to forestall its successor, and tie up the Park Department for three years. The Court of Appeals held:

1.  The contract is contrary to public policy and void ab-initio.

2.  The letting of the contract was such gross abuse of discretion as to make it void absolutely.

The injunction is granted and decree accordingly.

Attorneys—Townes & Portman for Townes; Carl F. Shuler for City; Boyd, Cannon, Brooks & Wickham for Weiss, all of Cleveland.

No. 202
BRADLEY v. BRADLEY
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5241.    Oct. 6, 1924.

413.  DIVORCE AND ALIMONY—Divorce decree will not be disturbed after term upon flimsy grounds and no fraud to deceive court alleged.

VICKERY, P. J.

Epitomized Opinion
Published only in Ohio Law Abstract

Kittie Bradley had brought an action for divorce against Fred Bradley; personal service was obtained which was ignored; a decree for divorce, alimony and custody of minor children was granted the wife. This action to have the decree vacated was brought at a subsequent term of court. The petition set up what would have been a good defense on ground for divorce on his part. A demurrer of this petition was sustained. An amended petition asked for vacation of decree for alimony. Demurrer to amend petition was sustained on which error is predicated. The court of appeals held:

Vacation of decree after term is properly refused when reason given therefor is flimsy one and on showing of fraud to mislead or deceive the court is alleged.

Attorneys—Woods, Lang and Eastman, for Fred A. Bradley; L. E. Tanney, Esq., for Kittie Bradley.